IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-84-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ELIZABETH ANN KRINER WILLIAMSON, ) | |
| ) | |
| Defendant. ) | |

On June 11, 2020, Elizabeth Ann Kriner Williamson ("Williamson") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 67]. As explained below, the court denies Williamson's motion.

On June 17, 2019, pursuant to a written plea agreement, Williamson pleaded guilty to bank fraud (count one) and aggravated identity theft (count two). See [D.E. 36, 37]. On December 5, 2019, the court held Williamson's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 62, 65, 66]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Williamson's total offense level to be 16, her criminal history category to be I, and her guideline range to be 21 to 27 months' imprisonment on count one, and 24 months' consecutive imprisonment on count two. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Williamson to total term of 45 months' imprisonment. See [D.E. 62, 65, 66]. Williamson did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of

Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n. 1.[1] Application note 2

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the

3

states that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n. 2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n. 3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

---

spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n. 1.

4

Williamson seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Williamson relies on the "medical condition of the defendant" policy statement in application note 1(A) to U.S.S.G. § 1B1.13, and the "other reasons" policy statement in application note 1(D). See [D.E. 67] 2–3. Specifically, Williamson cites the COVID-19 pandemic and states that she suffers from "several chronic long term health conditions," including "[c]oronary artery disease, mitral valve prolapse, mitral incompetence, chest pain, heart palpitations, obstructive sleep apnea with CPAP machine, obesity, hypertension, hyperglycemia, dyspnea, PTSD, bipolar I, severe depression and agoraphobia with panic attacks." Id. at 2.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii). Although Williamson suffers from various maladies, she has not demonstrated that she is not expected to recover from those conditions. Accordingly, reducing Williamson's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that Williamson's medical conditions coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Williamson's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Williamson engaged in serious criminal conduct. Over a two-year period, Williamson victimized her then-parents-in-law, both 84 years old, by using her position as a part-time caretaker for the elderly couple to steal nearly $100,000 from them. See PSR ¶¶ 8–11. At her sentencing hearing, the court heard victim allocution concerning the severe

5

financial hardship Williamson's actions caused. Additionally, Williamson has prior convictions for simple worthless check (two counts). See id. at ¶ 16. Nonetheless, Williamson has taken some positive steps while incarcerated. See [D.E. 67]. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Williamson's arguments, and the need to punish Williamson for her criminal behavior, to incapacitate Williamson, to promote respect for the law, to deter others, and to protect society, the court declines to grant Williamson's motion for compassionate release. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

In sum, the court DENIES Williamson's motion for compassionate release [D.E. 167].

SO ORDERED. This 6 day of August 2020.

JAMES C. DEVER III
United States District Judge